a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOHNTHAN GIBSON, Plaintiff | CIVIL DOCKET NO. 1:20-CV-00524-P |
| VERSUS | JUDGE DRELL |
| RAPIDES PARISH DETENTION CENTER I, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by *pro se* Plaintiff Johnthan[1] Gibson ("Gibson") (#505956). ECF No. 1. Gibson is incarcerated at the Rapides Parish Detention Center ("RPDC") in Alexandria, Louisiana. Gibson complains about the conditions of his confinement and alleged tampering with his legal mail.

Because Gibson failed to comply with the Court's Order to amend his Complaint (ECF No. 8), the Complaint should be DISMISSED WITHOUT PREJUDICE.

I. Background

Gibson complains that there is mold and fungus in the bathrooms and cells at RPDC. ECF No. 1 at 3. Gibson states that there is "fungus inside the toilets and mold inside the cells and the ventilation system," as well as "inside the shower and

---

[1] According to the online jail roster for Rapides Parish, rapides.lavns.org, and VINE, vinelink.vineapps.com, Plaintiff's name is Jonathon Gibson. However, on the Complaint (ECF No. 1) and Application for Leave to Proceed *In Forma Pauperis* (ECF No. 5), the first name is spelled "Johnthan."

on the shower curtains." ECF No. 1 at 3. Gibson also mentions that his legal mail has been "tampered with," but he does not provide any specific allegations regarding this claim. ECF No. 1 at 3.

Gibson was ordered to amend his Complaint by June 17, 2020 to provide factual allegations to support his claim. ECF No. 8.

## II. Law and Analysis

A district court may dismiss an action for the plaintiff's failure to prosecute or to comply with any order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

To date, Gibson has failed to comply with the Court's Order (ECF No. 8) to amend his Complaint, and he has not requested an extension of time within which to comply.

## III. Conclusion

Because Gibson has failed to comply with the Court's Order (ECF No. 8), IT IS RECOMMENDED that the Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE under Rule 41(b) of the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof,

unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 10th day of July 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE